[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16885
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00735-CV-CG-B

ANNA M. DICKINSON,

Plaintiff-Appellant,

versus

SPRINGHILL HOSPITALS, INC.,
d.b.a. Springhill Memorial Hospital
and Springhill Medical Center,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 29, 2006)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Anna M. Dickinson, a black woman, appeals the district court's order

granting summary judgment to her former employer, Springhill Hospitals, Inc.

("Springhill"), in her employment discrimination lawsuit, alleging disparate treatment based on race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. The district court entered summary judgment based on Dickinson's failure to establish a prima facie case of discrimination. Dickinson does not address that dispositive ruling,[1] instead arguing that the district court erred in its evaluation of Springhill's proffered reasons for her termination. After careful review, we affirm.

The relevant facts are straightforward. In her complaint, Dickinson alleged the following: (1) she was employed by Springhill as a Certified Nursing Assistant ("CNA"), between February 2001 and December 16, 2003, when she was terminated "for allegedly violating the employer's work policies"; (2) she believed that she had complied with all work policies; (3) at least two white employees -- Helen Nixon and Kate Muse -- violated the work policies, but were not terminated; (4) over the months preceding the filing of the complaint, Springhill had terminated many black employees, several of whom were replaced with white employees; and (5) she believed that she was replaced by a white employee.

---

[1] Accordingly, she has abandoned the issue. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (noting that issues not argued on appeal are deemed waived, and a passing reference in an appellate brief is insufficient to raise an issue).

Springhill moved for summary judgment, arguing that it was undisputed that Dickinson was fired because she violated the "call-in procedure," which neither of the identified comparators (Nixon and Muse) had violated. In support of its motion, Springhill filed, inter alia, the affidavit of Terri Whitlock, in which she stated that she was the direct supervisor of Dickinson, Nixon, and Muse, and that Dickinson was terminated for violating the call-in procedure, but neither Nixon nor Muse had violated it. Springhill also submitted Dickinson's deposition, in which she testified about Springhill's policy that if an employee cannot come into work, the employee must let the Hospital know an hour and a half before the start of her shift. Notably, Dickinson admitted that although she thought Nixon and Muse had problems with call-ins and absences, she did not know how many days of work Nixon and Muse had missed, or whether they had ever missed work without complying with the "call-in procedure." Moreover, she did not know whether Nixon or Muse had violated other work policies.

The district court granted the Hospital's motion for summary judgment, finding that Dickinson had not established a prima facie case of discrimination because she failed to present evidence that the Hospital treated similarly situated employees outside of her class more favorably. Alternatively, the district court concluded that even if Dickinson had established a prima facie case, the Hospital

would be entitled to summary judgment, since there was no evidence that the Hospital terminated her because of her race.

We review "a grant of summary judgment de novo, using the same legal standard as the district court." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). There is a genuine issue of material fact only if the nonmoving party has produced evidence that a reasonable fact-finder could return a verdict in its favor. Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof. Celotex, 477 U.S. at 323.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Because Dickinson relies on circumstantial evidence to establish her Title VII claim, we test the sufficiency of those claims by applying the burden-shifting framework

4

established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The plaintiff's successful assertion of a prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against her." EEOC v. Joe's Stone Crab, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 (1983)). Second, if the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crab, 296 F.3d at 1272. We proceed to the third step of the analysis once the employer meets its burden of production by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination, and "[our] inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272-73 (citing Burdine, 450 U.S. at 255-56). "Although the intermediate burdens of production shift back and forth,

the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Id. at 1273.

At the first step of the McDonnell Douglas test, to establish a prima facie case of discrimination based on disparate treatment, the plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class or was treated less favorably than a similarly-situated individual outside her protected class. See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1289 (11th Cir. 2003).

On the fourth prong of the prima facie case, "[i]n determining whether employees are similarly situated . . ., it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). To show that employees are similarly situated, the plaintiff must establish that the employees are "similarly situated in all relevant respects." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004). The comparator must be

"nearly identical" to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer.  Id.

Here, the district court found that Dickinson failed to establish the fourth prong of her prima facie case because she presented no evidence that Springhill treated similarly situated employees outside of her class more favorably.  Indeed, she was unable to identify similarly situated employees, or comparators to herself.  Cf. Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1318-19 (11th Cir. 2003) (affirming entry of summary judgment based on plaintiff's failure to identify similarly situated employees on the fourth prong of her prima facie case).  In this appeal, Dickinson does not challenge that finding, which alone is sufficient to affirm the entry of summary judgment in favor of Springhill.

**AFFIRMED.**